RICE *v.* STATE OF INDIANA

[No. 26,679. Filed January 13, 1937. Rehearing denied
April 27, 1937.]

*Thomas W. Lindsey,* for appellant.

*Philip Lutz, Jr.,* Attorney-General, and *Henry R. Wilson,* Assistant Attorney-General, for the State.

TREMAIN, C. J.—The grand jury of Vanderburgh County returned an indictment in two counts, first and second degree murder, against the appellant charging

him with killing his wife. Upon appellant's motion the venue was changed to Posey County, where the trial was had resulting in a verdict of guilty of murder in the second degree. Judgment was rendered upon the verdict that he be imprisoned in the state's prison for life.

The error relied upon for reversal is the overruling of appellant's motion for a new trial. In oral argument the appellant limited the errors assigned to three, viz: (1) The verdict is not sustained by sufficient evidence, and (2) and (3), error of the court in refusing to give appellant's tendered instructions Nos. 6 and 11 respectively.

It is charged in the second count of the indictment, upon which he was convicted, that the appellant killed his wife by "striking her with a blunt instrument, the exact character of which is to the Grand Jurors unknown, and which said blunt instrument was then and there held in the hand of said Bishop Rice and thereby mortally wounded the said Maggie Rice with said blunt instrument, from which mortal wound the said Maggie Rice then and there sickened and languished and thereafter died on the 29th day of April, 1935."

It is asserted by the appellant that when it is charged in an indictment that the death was caused by the use of a blunt instrument, the character and nature of which was unknown to the Grand Jury, the burden was upon the state to prove that fact by the same character of evidence as is required to establish any other fact in a criminal prosecution. After laying down this proposition, the appellant then asserts that "there was no evidence that the accused struck the deceased with a blunt ininstrument, but all the evidence without dispute showed that the accused struck the deceased with his fist."

The record discloses that a witness who testified upon behalf of the state was not only the coroner of Vander-

burgh County, but was a licensed physician and surgeon; that he examined the deceased and testified that said examination revealed five scalp wounds; and that she was otherwise bruised about the head and face. After he had described the wounds upon the head he was asked to state his opinion, based upon an examination of the wounds and his experience as a doctor, as to the character of instrument required to inflict such injuries. He answered, "It would have to be a blunt instrument."

Other testimony was introduced by the state showing that the appellant and his wife had been drinking and quarreling from about 10:30 o'clock in the evening to 2:30 o'clock in the morning. Another doctor who saw the deceased and treated her before her death described the wounds upon her head and stated that blood was running from one ear. She lived seven days after sustaining the injuries. One of the doctors testified that her death was not caused by the back of her head striking the sidewalk when she was knocked down, for the reason that if the posterior part of the brain had been injured she would have died in twenty-four or forty-eight hours. One witness testified that he saw the appellant strike the deceased and "it looked like he just took his fist and hit her." The appellant relied upon this statement to disprove the charge that deceased was struck by a blunt instrument. Appellant did not testify in his own behalf.

Facts sufficient have been stated to disclose that there was evidence to establish that the deceased was struck by a blunt instrument, the nature and character of which was unknown to the Grand Jury. It readily appears that a question of fact is presented, which was exclusively for the trial court, as the evidence cannot be weighed in this court.

Instruction No. 10, tendered by the appellant and given by the court, in part is as follows:

"That the striking was done with a blunt instrument, and the exact nature of which was to the Grand Jurors unknown, are material charges in each count of the indictment, and must be proven as alleged by the evidence to the exclusion of every reasonable doubt, and unless the evidence convinces you, and each of you, to the exclusion of every reasonable doubt that the killing was done (if you find that the said Maggie Rice was killed) with a blunt instrument, and that at the time the Grand Jury returned the indictment, it did not know the character or nature of the instrument, then your finding should be 'not guilty'."

Since there was some evidence that the deceased was struck and injured by a blunt instrument, and since the court gave the foregoing instruction at the request of the appellant, he has no ground for complaint. It will be presumed that the jury heeded the instruction of the court, and after weighing all the evidence, decided that it was sufficient to establish the fact, beyond a reasonable doubt, that the appellant killed the decedent with a blunt instrument, the nature of which was unknown to the Grand Jury.

The court fully instructed the jury upon the question of reasonable doubt and read all of the instructions tendered by appellant except Nos. 6 and 11, both of which were refused. No. 6 told the jury that reasonable doubt may arise from the evidence given in the cause or from the lack of evidence, and "when there exists a reasonable doubt as to the guilt of the defendant, he is entitled to the benefit of the doubt no matter from what source it comes, and he should be acquitted." The court refused to give this instruction, doubtless because the latter part is too broad in stating to the jury that the appellant was "entitled to the benefit of the doubt no matter from what source it

comes." That is, the reasonable doubt may come, not from the evidence or lack of evidence, but from any other source, whether admissible or not. This the law does not warrant. In addition the court read to the jury instructions ample and sufficient to fully and correctly inform them as to the law upon the subject of reasonable doubt.

The other instruction, No. 11, of which complaint is made is not discussed or referred to under the appellant's propositions and authorities. Therefore, the question is waived. This instruction is upon the subject of proving the lack of knowledge upon the part of the Grand Jury as to the nature of the blunt instrument used in inflicting the wounds upon the decedent. Even if the question were presented it is fully covered by instruction No. 10 above referred to. But instruction No. 10 is improper for the reason that the sufficiency of the facts before the Grand Jury to support the indictment as drawn, cannot be inquired into on the trial.

Appellant's rights not having been prejudiced by the instructions, the judgment of the lower court is affirmed.